CASE No. 1130.

TUTT v. PORT ROYAL & AUGUSTA RAILWAY COMPANY.

1. In action by the owner of the fee to recover land used by a railroad company for its road-bed, where defendant claimed only a right of possession, the presiding judge charged the jury that the plaintiff had the title and they must find for him the land in dispute and damages. *Held*, erroneous, as the right of title does not necessarily carry with it the right of possession; and for such error a new trial was granted.

2. Under a trust deed which vested the legal title to lands in a trustee for the benefit of a married woman and her children, but which gave to the husband the absolute control and management of the land, the husband might give to a railroad company license to construct their road-bed over such lands, binding so long as he lived, or, at least, until revoked, unless such right of way injuriously affected the duties and limitations imposed upon the husband by the deed.

3. In an action brought by the trustee for the recovery of a strip of this land used by a railroad company under such a license, *Held*, that no interference with the terms of the deed being alleged or proven, the plaintiff could not recover possession or damages for its detention.

4. The proper mode of recovering damages in such cases is stated in *Sams* v. *Railway Company* (3), 15 *S. C.* 484.

Before WALLACE, J., Aiken, February, 1881.

Action by C. G. Tutt, trustee, against the Port Royal & Augusta Railway Company, commenced June 23d, 1879. Tutt was trustee duly appointed in the place of G. W. Miller, deceased. The opinion gives a sufficient statement of the deed of trust, and otherwise states the case.

The appellant renewed in this court his motion for a non-suit, upon the following grounds:

1. Because under the terms of the trust deed the conveyance of the right of way over said lands, executed by said H. R. Cook to the railroad company, gave at least to the said railroad company a license to enter upon and build their road over said lands, and that until said license was revoked the defendants were lawfully upon said lands, and this action could not be maintained.

2. Because the conveyance of such right of way, executed by Cook to said company, taken in connection with the knowledge of the trustee of the proposed construction of a railroad over said lands, and his failure to object thereto, authorized said company to enter upon said lands for such purpose without giving the notice required by Section 75, Ch. 63, of the Revised Statutes, or was a waiver of said notice; in either case said company acquired such right of way, and the action could not be maintained.

3. Because the alleged owner of the land having permitted the railroad company to enter upon the construction of their highway over said land without previous compensation, the plaintiff could not bring this action to dispossess the defendants and for damages, but was restricted to his petition for compensation as provided by Section 83, Ch. 63, of the Revised Statutes.

4. Because Miller, the trustee, in 1870, while knowing that Cook had given the railroad company the right of way over said lands, having interposed no objection to the construction of the railroad over the same, but having permitted said company to lay out valuable improvements thereon in ignorance of his claim, and having remained silent during his life-time, and until after the purchase thereof by these defendants, and the same being true as to Mrs. Cook, the plaintiff is estopped from bringing this action, at least during the life-time of said H. R. and Helena Cook.

The defendants also moved for a new trial on the following ground, viz: Because the judge directed the jury to find for the plaintiff the land in dispute and damages.

*Mr. William Elliott* for appellants.

*Messrs. Henderson Brothers*, contra.

January 10th, 1882. The opinion of the court was delivered by

SIMPSON, C. J. In this action the plaintiff, respondent, seeks to recover possession of a strip or parcel of land located in Aiken county and damages for its detention. His claim to this possession is founded upon an indenture executed by John Miller and

Geo. W. Miller, on January 1st, 1849, in which the said John Miller conveyed to Geo. W. Miller, his heirs and assigns, a tract of land embracing the strip now in controversy, with other property, in trust for the joint use, support and comfort of his daughter, Helena H. M., and her husband, Horatio R. Cook, and their children, during the joint lives of them, the said Helena and the said Horatio R. And in the event of the said Helena surviving the said Horatio, having a child or children living, then in trust for the joint use and support, &c., of the said Helena and her child or children during her natural life, and at her death to be equally divided, share and share alike, among her children surviving her and the children of such as may die before her, *per stirpes*,   *  *  * and finally, upon the further trust and condition that during the life of the said Horatio R. Cook and until the happening of the contingency last aforesaid [which is a contingency upon the happening of which Horatio was to get half of the property in fee], the said property, real and personal, was to remain in the possession and under the control and management of the said Horatio, who shall be free from accountability for the annual rents, issues and profits thereof over and above the support of the family. Provided he shall abstain from waste and destruction thereof,   *  *  * with the power in the said Horatio, in case the trustee therein named removed from the State or died, to appoint a successor. Under this deed the plaintiff became trustee and now seeks to recover the strip or parcel of land from the defendant, appellant.

The defendant is a body politic and corporate, and is in the use of the strip of land as a road-bed (right of way) for their railroad track through the tract of land conveyed in the indenture above, by virtue of a paper purporting to be a bargain and sale executed by the said Horatio on April 3d, 1870, to the Port Royal Railroad Company, of which the defendant is successor. This paper is without seal and attempts to convey this strip to the said Port Royal Railroad Company, their successors and assigns forever, reserving the right to cultivate the same on both sides of the road, as near the track as may be convenient, without obstructing the use thereof by the said company.

At the trial below, the defendant, disclaiming all title to the

fee in the land, offered no testimony.   At the close of plaintiff's testimony, defendant moved for non-suit, which was overruled.

The judge charged the jury as follows: "The defendants have offered no testimony in this case.   I have already decided upon the plaintiff's title on the motion for non-suit, and charge you that you must find for the plaintiff the land in dispute and damages for the detention of such land as you find the defendants are in possession of.   The one question submitted to you being the question of damages, you must determine the same by the testimony, considering all of it."   The jury found for the plaintiff the land in dispute and $183.25 damages.

The verdict was rendered for the plaintiff as a matter of legal right under the direction of the presiding judge because the fee in the land was in the plaintiff.   There can be no doubt but that the fee is in the plaintiff.   He is the rightfully appointed trustee under the indenture of John Miller and G. W. Miller, in which the land is conveyed expressly to the trustee, his *heirs and assigns*. But it does not follow, as matter of law, that because the plaintiff proved that the fee was in him he was, therefore, entitled to recover the possession of the land.   Mr. Blackstone says that a complete title to land consists of three things—1st, possession; 2d, right of possession, and, 3d, right of property.   These elements are all necessary to make out complete title, and when they are united in the same person he may be regarded as the complete owner of the property.   But they may exist separately; possession may be in one, while the right of possession may be in another, and the right of property still in another.   So it does not follow always that the right of property or a fee-simple title carries with it the right to immediate and personal possession.

The controversy here is not as to the title—the defendant claims no title; that is admitted to be in the plaintiff—but the controversy is as to 'the possession.   The action is brought to recover possession.   The defendant denies plaintiff's right, at least in so far as it would defeat the enjoyment on the part of defendant of the right of way which it is claimed has attached to it.

Now, we think that the presiding judge was in error in holding that the plaintiff was entitled to recover on the ground of

title, and that in directing a verdict for the plaintiff he solved a proposition of law material to the question at issue erroneously, which, under the case of *McGowan* v. *Lowrance*, 3 *S. C.* 365, entitles the appellant to a new trial.

There is nothing expressed in the deed of indenture which authorizes the trustee to take possession of this land under any circumstances.    On the contrary, as we have seen from the terms, Horatio R. Cook was put in possession by the deed, and by express stipulation was to continue in possession of the whole property, real and personal, during his life, the same to be under his control and management, without accountability as to all rents and profits over and above a support to himself, wife and children, provided, it is true, that he should abstain from waste and destruction thereof.    The purpose of the deed seems to have been simply to place the legal title in a trustee, with no more control than was necessary to secure the property to the benefit of the *cestuis que trust,* those in being at the time of its execution and those who might afterwards come into being as remainder-men, possession and control being given by the deed itself to Horatio R. Cook, the husband of grantor's daughter, during his life.    Cook did not obtain possession through the trustee, and in no sense can be considered as the tenant of the trustee.    On the contrary, he obtained possession through the indenture—the same paper by which the trustee obtained his title—and his right to possession is as full and complete as is the right of property in the trustee.

Inasmuch, however, as no doubt it is the duty of the trustee to see that the property is used, in the first instance, for the support and maintenance of Mrs. Cook and her children, and that no waste or destruction of the property is taking place in the hands of Cook, it may be that in the event of failure of Cook, as to either of these matters the trustee would impliedly be authorized to have possession, the implication arising from the character of his duties and the necessity of such possession to the full discharge of those duties—the end to be attained necessitating such possession as the only means of accomplishing it; but if possession is sought upon such grounds, these facts should have been alleged and proved.    There is no allegation of that

Y

kind in the complaint, nor do we see any testimony reported in the case tending in that direction. The plaintiff's case is rested entirely upon his title, and the verdict was rendered solely upon that basis, which, as we have already said, we think was error. Such being our conclusion, it will not be necessary to discuss very fully the other questions raised.

As the case, however, is to be remanded for a new trial, it is, perhaps, proper that we should express our opinion, especially as to the right of Cook to license the Port Royal Railroad to construct their road through this tract of land.

Cook not having been invested with the absolute title to this land, of course he could make no conveyance in fee to this company or to any other person, of the land itself, nor of any portion of it. But he had the absolute control and management of the land vested in him for an especial purpose, and, in our judgment, he had the right to do anything, short of waste and destruction, necessary to that end.

If the construction of a railroad through the land would, in his judgment, add to the convenience of its cultivation or the value of its crops, either because it afforded facility for the transportation of products and fertilizers, or from any other cause, contributing to the end of supplying himself and family through this land, we see no reason why he could not have given the permission, binding so long as he lived and had control, or, at least, until revoked. Can it be doubted that, if this land· had been situated· near a landing, upon some navigable stream, for the convenience of market, &c., he would have had the right to open a way to such landing, or to grant the right of way to others, 'if it did not interfere with the purposes of the trust? True, Cook having no right to convey the land, the paper which he executed, even although it had been executed under seal, would have been nugatory as a transfer of the land itself. The defendant seems to have understood this and disclaimed title on the trial. All the right which the defendant obtained was a right of way. · The tract of land through which it ran was rightfully in the possession of Cook, and it is still in his possession, subject to this easement of appellant, and we do not see that the

respondent can legally claim the possession because Cook has consented to this easement.

Before the appellant, as trustee, could interpose, Cook's acts should amount to a forfeiture, either because he had diminished the capacity of the land to afford his wife and children support and maintenance out of the rents and profits, or because he had committed waste and destruction. His possession, control and management were limited by these two conditions and no others, and the happening of these not having been alleged or proved the plaintiff should not have recovered possession, and, not being entitled to the possession upon the facts proved, his claim for damages on account of the detention is unfounded. As to the mode of recovering damages in such cases, see *Sams* v. *Port Royal & Augusta Railway Company*, 15 *S. C.* 484.

It will not be necessary to go into the question of estoppel. That question does not legitimately arise in the case, as it was decided below entirely on the point of title.

The judgment of this court is that the judgment of the Circuit Court be reversed and the case be remanded.

McIver and McGowan, A. J.'s, concurred.